FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 05, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN VALDA RICE,<br><br>    Plaintiff,<br><br>    v.<br><br>CHERYL STRANGE, MELISSA ANDREWJESKI, TURNER, SOWYER, WELLAN, MELISSA MOORE, KRISTEN WILLIAMS, DYLAN DENNISON, MICHELLE YOUNG, TURNER, MCMAHON, FIELDS, GARY QUARLES, KENNETH LYBBERT, C. JAWILLI, CONLEY, SHANE RIRIE, MS. PENCE, REBEKA DAVIS, RUTH DOE, JASON MARTIN, K. HODGSON, STEFAN ROSE, RAND, K. GALLAGHER, D. NILES, JOSHUA CRUGER, HORN, POKOLICCHIO, GHAZAL ZAINAB, RONNA COLE, CARIANNE SCHUSTER, MARK | No. 2:23-cv-00087-SAB<br><br>**ORDER GRANTING MOTION FOR RECONSIDERATION; RESCINDING ORDER DISMISSING ACTION AND JUDGMENT** |

**ORDER GRANTING MOTION FOR RECONSIDERATION; RESCINDING ORDER DISMISSING ACTION AND JUDGMENT -- 1**

ELIASON, RUTH DANIELS, REBWAR BABAN, M. BARTLETT, S. DANIELS, JOSHUA LANSVERK, D. HENNING, S. THOMAS, CLARK, JOHN DOE, and DR. LONGANO,

                Defendants.

      Before the Court is Plaintiff John Valda Rice's Motion for Reconsideration, filed on October 13, 2023. ECF No. 31. For the reasons set forth below, the Court will grant Plaintiff's Motion and rescind the Order Dismissing Action, ECF No. 29, and the Judgment in this case, ECF No. 30.

## PROCEDURAL BACKGROUND

      On March 3, 2023, Plaintiff, a prisoner currently housed at the Monroe Correctional Complex, Twin Rivers, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 6. The case was transferred to this District from the Western District of Washington on March 29, 2023. ECF No. 10. By separate Order, the Western District of Washington granted Plaintiff leave to proceed *in forma pauperis*. ECF No. 5.

      On April 27, 2023, this Court advised Plaintiff of the deficiencies of his Complaint and directed him to amend or voluntarily dismiss within sixty days. ECF No. 15. On August 1, 2023, Plaintiff filed a First Amended Complaint ("FAC"). ECF No. 25. By Order dated August 29, 2023, the Court advised Plaintiff of the deficiencies of his FAC and directed him to amend or voluntarily dismiss within thirty days. ECF No. 28. The Court found that Plaintiff had failed to state a claim upon which relief may be granted against any of the named Defendants. *Id*. at 13–20. The Court also determined that Plaintiff's assertions that many of his grievances and kites were either ignored or denied, or he received

**ORDER GRANTING MOTION FOR RECONSIDERATION; RESCINDING ORDER DISMISSING ACTION AND JUDGMENT -- 2**

unfavorable responses, and that various Defendants failed to provide adequate medical care, were insufficient to state a claim upon which relief may be granted. *Id*.

Although granted the opportunity to do so, Plaintiff did not amend his complaint to state a claim upon which relief may be granted by the deadline of September 28, 2023. The Court had cautioned Plaintiff that failure to amend or voluntarily dismiss by that date would result in the dismissal of his FAC and a possible "strike" under 28 U.S.C. § 1915(g). ECF No. 28 at 22. On October 3, 2020, the Court dismissed Plaintiff's FAC with prejudice for failure to state a claim against Defendants upon which relief may be granted. ECF No. 29. On October 4, 2023, the Court entered judgment and closed the case. ECF No. 30.

**MOTION FOR RECONSIDERATION**

In his Motion for Reconsideration of this Court's Order Dismissing Action, ECF No. 29, Plaintiff asserts that he amended his complaint "in a timely manner." ECF No. 31 at 1. Plaintiff argues that "[h]e did what he was supposed to do, the prison officials did not." *Id*. at 2.

A motion for reconsideration may be reviewed under either Federal Rule of Civil Procedure Rule 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "A district court may properly reconsider its decision if it '(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (*quoting School Dist. No. 1J , Multnomah Cnty., Or.*, 5 F.3d at 1263). "There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J Multnomah Cnty., Or.*, 5 F.3d at 1263.

Plaintiff asserts that shortly after he received the Court's Order to Amend or Voluntarily Dismiss Complaint, the lock on his cell door began malfunctioning and

**ORDER GRANTING MOTION FOR RECONSIDERATION; RESCINDING ORDER DISMISSING ACTION AND JUDGMENT -- 3**

maintenance workers began arriving at random times. ECF No. 31 at 1. He claims that it depended on the staff member whether he was allowed to remain in his cell and work on his Second Amended Complaint. *Id*. Plaintiff contends that he could not work on his amended complaint in the dayroom because there are no wheelchair accessible tables. *Id*. at 1–2. He claims that he was moved and allowed to settle in, but was then moved again. *Id*. at 2.

Plaintiff contends that sometime in August 2023, an e-message was sent to all inmates, informing them that all e-filing would be handled by the Legal Liaison Office. ECF No. 31 at 2. Plaintiff claims that this is actually Ms. Rule. *Id*.

Plaintiff asserts that on September 28, 2023, the deadline to file any Second Amended Complaint, at approximately 8:15 p.m., Plaintiff showed two corrections officers the envelope containing his Second Amended Complaint. ECF No. 31 at 2–3, 16. He claims that he told the officers that the document had to go to the Legal Liaison Office. *Id*. at 2. He states that he asked where to put the envelope and one of the officers told Plaintiff to put it in the regular mailbox, then walked around the front of the desk and pointed. *Id*. Plaintiff contends that he dropped the envelope, along with his declaration of mailing, into the box. *Id*.

Plaintiff asserts that the envelope only had Plaintiff's name and return address in the upper left corner as required by DOC policy, Ms. Rule's name and office in the center, and "Legal Mail" in the lower right corner. ECF No. 31 at 3. He states that the stamp could lead one to believe that it was out-going mail, but the envelope did not contain any of the other outgoing legal mail requirements. *Id*. Plaintiff also notes that DOC policy requires outgoing legal mail to undergo a cursory search by an officer who would have then watched Plaintiff place the contents inside of the envelope and Plaintiff would then seal the envelope in the officer's presence. *Id*. at 4. He claims that the officer would have then signed or initialed over the sealed flap and documented it in the legal mail log. *Id*. He states

**ORDER GRANTING MOTION FOR RECONSIDERATION; RESCINDING ORDER DISMISSING ACTION AND JUDGMENT -- 4**

that one officer watched Plaintiff drop the envelope into the box and the other officer actually listed the mailed item. *Id*.

On September 29, 2023, Plaintiff asserts that the envelope was returned to him with a post-it note, which read, "Need postage slip." ECF No. 31 at 2. Plaintiff argues that he did not know why this would be necessary and asked an officer who did not know either. *Id*. Plaintiff claims that he attached the postage slip and wrote a postal address. *Id*. He states that he believed the next officer would process it properly. *Id*.

Plaintiff contends that on October 4, 2023, the envelope was returned yet again with a post-it note stating that the envelope needed to specify the city, state, and zip code. ECF No. 31 at 2. He states that the corrections officer who had passed out the mail pointed out that Plaintiff had erred by writing the incorrect abbreviation for the facility. *Id*. at 2–3. The officer told Plaintiff that it should not cost any money to send it to another part of the prison. *Id*. at 3.

Plaintiff states that he began attempting to communicate with Ms. Rule via the institutional e-messaging system. ECF No. 31 at 3. He argues that he specifically asked that somebody come to his unit and e-file the Second Amended Complaint with an explanatory letter to the Court. *Id*. Plaintiff notes that most of his communications were answered by the corrections officer/law librarian. *Id*. He claims that she "finally replied addressing the matter in a confused/questioning manner asking if he was talking about e-filing which had been VERY clear." *Id*. Plaintiff argues that she told him she had only done the e-filing when the officer who runs the law library was out sick, but the inmate population was advised that she was doing it and was not told that she had stopped. *Id*.

Because Plaintiff asserts that he submitted his Second Amended Complaint for mailing by the September 28, 2023 deadline, the Court will rescind the Order Dismissing Action, ECF No. 29, and the judgment in this case, ECF No. 30.

**ORDER GRANTING MOTION FOR RECONSIDERATION; RESCINDING ORDER DISMISSING ACTION AND JUDGMENT -- 5**

Plaintiff's Motion for Reconsideration, **ECF No. 31**, is **GRANTED**. The Court will proceed to screen Plaintiff's Second Amended Complaint.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Order Dismissing Action, **ECF No. 29**, is **RESCINDED**.
2. The Judgment in this case, **ECF No. 30**, is **RESCINDED**.
3. The Clerk of Court shall remove any indicia that Plaintiff has acquired a "strike" in this action.
4. The Clerk of Court shall **FILE** Plaintiff's Second Amended Complaint and corresponding exhibits, which are attached to Plaintiff's Motion for Reconsideration at **ECF No. 31-2 at 1-34**, as a separate docket entry.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order and provide copies to Plaintiff. The Clerk of Court is further directed to forward a copy of this Order to the Office of the Attorney General of Washington, Corrections Division.

**DATED** this 5th day of December 2023.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING MOTION FOR RECONSIDERATION; RESCINDING ORDER DISMISSING ACTION AND JUDGMENT -- 6**