FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 23, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN VALDA RICE, DOC #935597,<br><br>Plaintiff,<br><br>v.<br><br>MELISSA ANDREWJESKI, et al.,<br><br>Defendants. | NO. 2:23-CV-00087-SAB<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are Defendants' Motion for Summary Judgment, ECF No. 87, Plaintiff's Motion to Effectuate Service, ECF No. 95, and Plaintiff's Motion to Suppress Evidence, ECF No. 96. The motions were heard without oral argument. Plaintiff is a prisoner at Monroe Correctional Complex and is representing himself in this matter. Defendants are represented by Brandon Slaven.

In March 2023, Plaintiff initially filed his 329-page Complaint in the Western District of Washington, along with a Motion for Temporary Restraining Order. The case was transferred to the Eastern District of Washington. In January 2024, the Court reviewed Plaintiff's Second Amended Complaint, ordering service on Plaintiff's Eighth Amendment claims, and dismissing the other claims without prejudice. A jury trial scheduling order was entered on May 2, 2024, and it has since been amended a number of times. The jury trial was ultimately stricken. Plaintiff filed a Third Amended Complaint on August 12, 2025, ECF No. 84.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 1

Defendants now move for summary judgment on Plaintiff's Eighth Amendment claim.

## Motion Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

The parties subject to a motion for summary judgment must: (1) cite facts from the record, including but not limited to depositions, documents, and declarations, and then (2) "show[ ] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 2

admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Documents submitted during summary judgment must be authenticated, and if only personal knowledge authenticates a document (*i.e.*, even a review of the contents of the document would not prove that it is authentic), an affidavit attesting to its authenticity must be attached to the submitted document. *Las Vegas Sands, LLC v. Neheme*, 632 F.3d 526, 532-33 (9th Cir. 2011). Conclusory statements, speculative opinions, pleading allegations, or other assertions uncorroborated by facts are insufficient to establish the absence or presence of a genuine dispute. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).

When a pro se litigant opposes summary judgment, his or her contentions in motions and pleadings may be considered as evidence to meet the non-party's burden to the extent: (1) contents of the document are based on personal knowledge, (2) they set forth facts that would be admissible into evidence, and (3) the litigant attested under penalty of perjury that they were true and correct. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

## Background Facts

On or about July 2020, Plaintiff was placed in the custody of the Washington State Department of Corrections. Plaintiff was examined by Defendant Shane Ririe on October 7, 2020, where he recommended Plaintiff receive an ACE Wrap, and an X-ray of Rice's hip and right knee. Ririe declined to order a double mattress for Plaintiff to use because of hip pain.

A year later, Plaintiff was examined by Ririe after Plaintiff reported stepping wrong. Ririe renewed the ACE Wrap recommendation, ordered another X-ray, an ultrasound, and further recommended a wheelchair, cane, and knee conditioning.[1]

---

[1] Plaintiff was seen by at least two other non-Defendant providers between October 2021 and February 2022.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 3

On February 18, 2022, an MRI was performed on Plaintiff's knee. The next day, Plaintiff complained of aches and pains and attempted to get ice while on cell confinement. Defendant Quarles informed Plaintiff that he could not leave his cell to obtain ice because he received it one hour earlier and it was no longer his hour out. Quarles issued an infraction for the same. Plaintiff insisted that his need for ice was a medical emergency, so Defendant Sergeant Turner consulted with medical who determined the circumstances were non-emergent.

Later that night, Plaintiff left his cell to speak with another officer in an attempt to get ice. He was infracted by Defendant Jawili for leaving his cell without permission and ignoring multiple directives to return to his cell. Plaintiff's need for ice was further addressed the next day by Physician Assistant Neau who informed that Rice could only get ice during his cohort time.

On April 27, 2022, Ririe measured Plaintiff for a knee brace and sent a consult request to an orthopedic specialist. The specialist failed to identify a source of ligamentous instability or an explanation for why Plaintiff would need to be in a wheelchair for over a year.

On May 15, 2022, Plaintiff again sought ice and filed an emergency grievance, which was taken to the shift commander. The shift commander determined the circumstances were not emergent. Despite the nonemergent nature, Defendant Monohan provided Plaintiff with ice.

On May 21, 2022, Plaintiff sought ice to reduce swelling and pain at 21:55. He was told the ice machine would require two hours to produce ice, opted to wait, and then declared a medical emergency at 23:42 for ice. Plaintiff was evaluated by medical staff after declaring the emergency and no ice was provided. This led to a group intervention that occurred on May 25, 2022, to discuss the frequent after-hours medical emergencies Plaintiff was declaring to obtain ice.

On June 9, 2022, Plaintiff was instructed that there was no objective reason for him to stay in a wheelchair, so he would need to transition to a

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4**

walker.

On June 11, 2022, Plaintiff fell and was evaluated by medical. Plaintiff was provided ice and treated for scrapes to his right knee and elbow. Plaintiff declared a second emergency that day for ice and refused further assessment after medical staff suspected he applied a tourniquet to the leg to cause injury. After reviewing video, Ririe wrote an infraction consistent with Plaintiff's behavior plan without knowing the appropriate procedure for doing so. He believed Plaintiff fell on purpose in an attempt to self-harm.

**Legal Framework**

**1. 42 U.S.C. § 1983**

42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

**2. Eighth Amendment**

"The unnecessary and wanton infliction of pain upon incarcerated individuals under color of law constitutes a violation of the Eighth Amendment." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992). To establish an Eighth Amendment violation, a prisoner "must satisfy both the objective and subjective components of a two-part test." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted). First, there must be a demonstration that the prison official deprived the prisoner of the "minimal civilized measure of life's necessities." *Id.* (citation omitted). Second, a prisoner must demonstrate that the prison official "acted with deliberate indifference in doing so." *Id.*

A prison official acts with "deliberate indifference" only if the prison official

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 5

Case 2:23-cv-00087-SAB    ECF No. 117    filed 02/23/26    PageID.1022    Page 6 of 9

knows of and disregards an excessive risk to inmate health and safety. *Gibson v. Cnty. of Washoe, Nevada*, 290 F.3d 1175, 1187 (9th Cir. 2002). Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). If a prison official should have been aware of the risk, but was not, then no violation of the Eighth Amendment occurred, no matter how severe the risk. *Gibson*, 290 F.3d at 1188 (citation omitted). This "subjective approach" focuses only "on what a defendant's mental attitude actually was." *Farmer*, 511 U.S. at 839. "Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *McGuckin*, 974 F.2d at 1059 (citation omitted).

Courts have concluded that failing to provide ice in certain situations does not rise to the level of a constitutional violation. *See Calloway v. Adams*, No. 1:11-CV-01281-RRB, 2014 WL 5454193, at *10 (E.D. Cal. Oct. 27, 2014), aff'd, 624 F. App'x 605 (9th Cir. 2015) ("difference of medical opinion as to the necessity for … ice chips … is inadequate to establish a claim of constitutional magnitude"); *Ilsung v. Mobert*, No. 1:10-CV-02070-AWI, 2015 WL 893357, at *6 (E.D. Cal. Mar. 2, 2015), report and recommendation adopted, No. 1:10-CV-2070-AWI-MJS, 2015 WL 1387951 (E.D. Cal. Mar. 25, 2015) (finding that the plaintiff made no showing that failing to provide ice to dialysis patients was medically unacceptable); *see also Medrano Ortiz v. Solomon*, No. 5:15-CT-3251-FL, 2019 WL 1245779, at *7 (E.D.N.C. Mar. 18, 2019), aff'd sub nom. *Ortiz v. Solomon*, 778 F. App'x 236 (4th Cir. 2019) ("[E]ven assuming plaintiff was not provided one dose of his blood pressure medication or a required ice pack, such action does not rise to the level of deliberate indifference to serious medical needs."); *Derello v. Stickley*, 631 F.Supp.3d 758, * (D. Ariz. 2022) (no evidence that the plaintiff was harmed by a two-day delay in receiving ice, or that ice was the only appropriate method for

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 6

treated his gout symptoms); *Scott v. Quigley*, 2025 WL 1368637 (D. Nev. 2025).

### 3. Qualified Immunity

State officials who are sued individually may be protected from civil liability for money damages by the qualified immunity doctrine. *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). More than a simple defense to liability, the doctrine is "an entitlement not to stand trial or face other burdens of litigation" such as discovery. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

When conducting a qualified immunity analysis, the Court asks (1) whether the official's conduct violated a constitutional right; and (2) whether that right was clearly established at the time of the violation. *Carley v. Aranas*, 103 F.4th 653, 659 (9th Cir. 2024) (quotation omitted). Courts have discretion as to which of the two prongs of qualified-immunity analysis to decide first. *Ashcroft,* 563 U.S. at 735.

"A right is clearly established when it is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 6 (2021). Although case law directly on point is not necessary, "for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* The qualified immunity analysis examines the right being asserted "in light of the specific context of the case, not as a broad general proposition." *Id.* at 661.

### Analysis

Here, the Court finds Defendants Quarles, Turner, Jawili, Lybbert and Monahan are entitled to qualified immunity because they were not put on notice by prior caselaw that isolated incidents where a prisoner was not given ice would possibly violate the prisoner's constitutional rights. Moreover, Defendants Ririe and Daniels are entitled to qualified immunity because it is not clearly established that a failure to provide additional testing, an additional mattress, a specific brace,

or even a specific treatment amounts to deliberate indifference where case law establishes the contrary.

Moreover, based on the record before the Court a reasonable jury would not find Defendants deprived Plaintiff of the "minimal civilized measure of life's necessities." Plaintiff has not shown that the need for ice was a serious medical need, or that he experienced harm during those isolated incidents where he was not given ice when requested. Plaintiff has not shown Defendants displayed deliberate indifference in treating Plaintiff's knee and hip pain. At best, Plaintiff's allegations, if believed by a jury, would show that Defendants engaged in mere negligence in diagnosing or treating his medical condition.

Additionally, there is no evidence suggesting that then Superintendent Andrewjeski and Assistant Secretary of Health Services Cole knew of or personally participated in Plaintiff's alleged incidents. As such, summary judgment in favor of Defendants is appropriate.

Accordingly, **IT IS ORDERED:**

1. Defendants' Motion for Summary Judgment, ECF No. 87, is **GRANTED**.

2. Judgment is entered in favor of Defendants and against Plaintiff.

3. Plaintiff's Motion to Effectuate Service, ECF No. 95, is **DENIED**, as moot.

//
//
//
//
//
//
//
//

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 8

4.  Plaintiff's Motion to Suppress Evidence, ECF No. 96, is **DENIED**. Plaintiff has not shown a compelling reason to seal the records.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order, provide copies to Plaintiff and counsel, and **close** the file.

**DATED** this 23rd day of February 2026.



Stan Bastian
Chief United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 9